IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TRAVIS A. WILTGEN                                                                            PETITIONER

v.                                          Civil No. 06-5068

LARRY NORRIS, Director,
Arkansas Department of Correction                                                    RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Travis A. Wiltgen, an inmate of the Arkansas Department of Correction, brings this pro se habeas corpus action under 28 U.S.C. § 2254. Respondent Larry Norris moves to dismiss the petition for procedural default. Wiltgen completed a questionnaire as his response to the motion to dismiss.

In 2004, Wiltgen was charged in the Benton County Circuit Court with possession of marijuana, a misdemeanor, and delivery of a controlled substance (marijuana), a felony. In March 2005, the case was transferred to the Benton County Drug Court. When Wiltgen was later charged with violating conditions and requirements of the Benton County Drug Court, the case was removed to the Benton County Circuit Court. On November 18, 2005, Wiltgen, represented by counsel, was found guilty and sentenced by Circuit Judge Jay Finch to five years supervised probation with completion of a 365 day long-term drug rehabilitation program at the Community Corrections Center as a condition of his probation. Wiltgen did not appeal his conviction/sentence. However, he did not file suit post-conviction, Ark. R. Crim. P. 37.2(c). He had 90 days within which to file a Rule 37 petition.

The instant petition, which appears to have been prepared and signed on behalf of Wiltgen by another inmate, is dated December 23, 2005. However, the petition was not filed in this court until April 19, 2006. Wiltgen's claims are that he was denied an appeal from his sentence, his counsel provided ineffective assistance, the probation officer committed perjury, the sentencing judge suffered from a conflict of interest, and he was under the influence of marijuana when he waived his rights.

Respondent asserts that Wiltgen procedurally defaulted state remedies when he failed to appeal his conviction/sentence and also when he failed to file a Rule 37 petition within 60 days of entry of judgment of conviction. Rule 37(c). The state courts should have the first opportunity to correct federal constitutional errors made in state criminal proceedings. *See Engle v. Isaac*, 456 U.S. 107, 128-29 (1982); *Smittie v. Lockhart*, 843 F.3d 295 (8th Cir. 1988). The petitioner must present his claims to the proper state court and take any appeal to the highest available appellate court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). Where a defendant has procedurally defaulted his claims at the state level, the claims may be raised in federal court only if the defendant can first demonstrate either "cause" and actual "prejudice" or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citing *Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986)). A claim of actual innocence requires new reliable evidence not presented at trial. *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir.), c*ert. denied,* 117 S.Ct. 403 (1996).

When asked in the questionnaire why he failed to raise his claims in a direct appeal from his sentence, Wiltgen responded that he did not know he could appeal and was not advised of this matter by his attorney. When asked why he failed to file a Rule 37 petition, he indicated he was unaware of this remedy. Wiltgen was also asked to provide reason(s) his claims should be considered despite

his failure to file an appeal or a Rule 37 in state court. Wiltgen responded that he lacked knowledge of the law, the five years supervised probation was too harsh, and his fiancé and son need him.

Wiltgen procedurally defaulted when he failed to appeal his conviction/sentence. "Cause" for a default is generally shown where some "objective factor external to the defense" prevented the presentation of claims. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Ineffective assistance can serve as "cause" for a default; however, a claim of ineffective state counsel is barred unless it is raised as an independent claim at the state level. *See Morris v. Norris*, 83 F.3d 268, 271 (8th Cir. 1996); *Vasquez v. Lockhart*, 867 F.2d 1056, 1057-58 (8th Cir. 1988). Here, Wiltgen did not raise such a claim of ineffective assistance in a Rule 37 petition. Accordingly, he may not rely on ineffective assistance of counsel as "cause" for the default.

Wiltgen also procedurally defaulted by failing to file a Rule 37 petition. Wiltgen could have argued in a Rule 37 petition that his counsel failed to prosecute an appeal from his conviction/sentence and was ineffective in other matters. Wiltgen had until February 16, 2005, within which to file a Rule 37 petition in the Benton County Circuit Court but it appears he chose instead to pursue his claims directly in federal court. Wiltgen relies on his lack of knowledge of the Rule 37 remedy. However, ignorance of legal arguments and procedural matters based on pro se status is not "cause" for a state procedural default. *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988).

Finally, Wiltgen has not met the standard for having his claims heard under the "actual innocence" exception. Wiltgen has not presented new evidence of factual innocence which was unavailable at trial.

CONCLUSION

Based on the above, I recommend that the instant petition be denied and dismissed with prejudice for procedural default.  **The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 29th day of June 2006.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE